

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00256-CR

**KENDRICK MERRELL DAVIS,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

**From the 21st District Court
Burleson County, Texas
Trial Court No. 15270**

## MEMORANDUM OPINION

Pursuant to a plea agreement with the State, appellant, Kendrick Merrell Davis, pleaded guilty to the offense of failing to register as a sex offender, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2). The trial court accepted Davis's guilty plea, found him guilty, sentenced him to ten years' imprisonment, suspended the sentence, and placed him on community supervision for five years with a $1,000 fine.

Near the end of the term of Davis's community supervision, the State filed an original and an amended motion to revoke, alleging that Davis violated numerous terms and conditions of his community supervision. The trial court conducted a hearing on the State's motion to revoke. At the hearing, Davis pleaded "not true" to the allegations contained in the State's motion to revoke. At the conclusion of the hearing, the trial court found that all of the allegations contained in the State's amended motion to revoke were true and subsequently revoked Davis's community supervision. The trial court assessed punishment at seven years' confinement with a $1,050 fine and certified Davis's right to appeal the revocation of his community supervision. This appeal followed.

Davis's appellate attorney has filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to *Anders v. California*. *See generally* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). However, Davis's appellate attorney has presented nonreversible error in the judgment pursuant to this Court's order in *Allison v. State*. *See* 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Counsel's brief demonstrates a professional evaluation of the record for error and compliance with the other duties of appointed counsel. Thus, we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436

S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1985, 1902, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-21 (Tex. App.—Waco 2022, pet. ref'd).

However, as noted earlier, despite finding no reversible error, Davis's appellate attorney has presented two issues of nonreversible error—one pertaining to the absence in the record of an "Exhibit A" that was referenced in the trial court's judgment of conviction and the second regarding Davis's plea to the allegations contained in the State's amended motion to revoke. With regard to the absence of "Exhibit A" from the record, while this appeal was pending, the Burleson County District Clerk's Office filed

a Supplemental Clerk's Record containing "Exhibit A" that was referenced in the trial court's judgment of conviction.[1]  Accordingly, that complaint has been resolved.

Regarding Davis's plea to the allegations contained in the State's amended motion to revoke, which we identify as Category 2 nonreversible error, the judgment of conviction stated that Davis pleaded "true."  However, a review of the record shows that Davis pleaded "not true" to the State's allegations.  Therefore, we modify the trial court's judgment of conviction to reflect that Davis pleaded "not true" to the allegations contained in the State's amended motion to revoke.  *See Cummins*, 646 S.W.3d at 616.

Based on the foregoing, we affirm the trial court's judgment of conviction as modified.  Furthermore, we grant counsel's motion to withdraw from representation of Davis in this appeal.


                                                    STEVE SMITH
                                                    Justice

Before Chief Justice Gray,
        Justice Johnson,
        and Justice Smith
(Chief Justice Gray concurring with a note)*
Affirmed as modified
Opinion delivered and filed February 15, 2023
Do not publish
[CR25]

---

[1] "Exhibit A" is the trial court's list of findings of "true" or "not true" as to the allegations contained in the State's amended motion to revoke.

*(Chief Justice Gray concurs in the judgment of the Court. A separate opinion will not issue.)

